UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WAYNE A. WHITE,

                Petitioner,

    -vs-

MICHAEL P. CORCORAN,
SUPERINTENDENT

                Respondent.
_____

**DECISION AND ORDER**
**No. 09-CV-00200T**

## I.   Introduction

*Pro se* petitioner Wayne A. White ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered March 11, 2004, in New York State, Supreme Court, Erie County, convicting him, upon a plea of guilty, of three counts of Burglary in the Third Degree (N.Y. Penal Law ("Penal Law") § 140.20).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.  Factual Background and Procedural History

### A.   Petitioner's Guilty Plea

Petitioner was arrested on March 11, 2002 for a burglary that occurred on December 26, 2001 at 164 Greenfield Avenue in Buffalo, New York.  In connection with that burglary, he was charged with

Burglary in the Second Degree (Penal Law § 140.25[2]), Grand Larceny in the Fourth Degree (Penal Law § 155.30[1]), and Criminal Mischief in the Fourth Degree (Penal Law § 145.00[1]).   Blood collected at the December 26, 2001 crime scene was linked to Petitioner by DNA testing.   Petitioner, who had two prior violent felony convictions for Second Degree Burglary in 1989 and 1993 and was subject to sentencing as a persistent violent felony offender, negotiated a plea deal with the Erie County District Attorney's Office.   Petitioner agreed to plead guilty, by way of Superior Court Information No. 21712, to three counts of Burglary in the Third Degree (Penal Law § 140.20) in satisfaction of the December 26, 2001 burglary and two others (one occurring on July 30, 2000 and the other occurring between March 31, 2001 and April 30, 2001 in Buffalo, New York), for which Petitioner provided the approximate dates and places.   See Resp't Ex. A.

**B.   Sentence**

Petitioner was sentenced, as a second felony offender, to three consecutive terms of three to six years imprisonment. Sentencing Mins. [S.M.] 3-7.

**C.   Direct Appeal**

On or about March 17, 2004, Petitioner filed a timely notice of appeal.   Subsequently, he filed a stipulation of discontinuance with the Appellate Division, Fourth Department ("Fourth

Department"), and his appeal was dismissed on June 13, 2006.  See Resp't Exs. A, B.

### D.   Collateral Relief

In 2006 and 2007, Petitioner filed three collateral motions, two pursuant to N.Y. Crim. Proc. L. ("CPL") § 440.20 and one pursuant to CPL § 440.10.  In each of these motions, Petitioner argued that the consecutive sentence imposed on the July 30, 2000 burglary should be set aside because he discovered in 2005 that he was incarcerated on that date and could not have committed that burglary.  Additionally, he requested that the remainder of his conviction be upheld.  Each of the motions was denied, and leave to appeal was denied with respect to the first and third motions.[1] See Resp't Exs. C-G.

### E.   The Habeas Corpus Petition

This habeas corpus petition[2] followed, wherein Petitioner seeks relief on the following grounds: (1) that the prosecutor failed to disclose Brady[3] material; (2) that the prosecutor

---

[1]   Respondent indicates in its papers that all three of the motions were denied.  See Resp't Memo. of Law (Dkt. # 7) at 3.  However, the state court's denial of the second motion is not included in the state court records provided to this Court.  In any event, that denial is not necessary for purposes of resolving the habeas corpus petition, and the Court therefore does so without it.

[2]   After filing his original habeas corpus petition (Dkt. # 1), Petitioner moved for a stay-and-abeyance and to amend the habeas corpus petition to include additional claims.  See Dkts.  ## 10, 13, 14.  On March 24, 2010, the Court (Hon. Richard J. Arcara) denied Petitioner's request for a stay-and-abeyance and to amend the petition.  Dkt. # 19.

[3]   Brady v. Maryland, 373 U.S. 83 (1963)

committed misconduct by using "false evidence" to secure the plea; (3) that the prosecutor committed misconduct by allowing Petitioner to plead guilty to the July 30, 2000 burglary knowing that Petitioner could not have committed it; and (4) ineffective assistance of appellate counsel. <u>See</u> Pet. ¶ 22A-D (Dkt. # 1).

## III. General Principles Applicable to Habeas Review

### A.   The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000).  The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not

*dicta*) of the Supreme Court existing at the time of the relevant state-court decision.  Williams, 529 U.S. at 412;  accord*,* Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case.  Williams, 529 U.S. at 413;  see also id. at 408-10.  "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently."  Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001).  Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable."  Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);  see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing

the trial court's assessment of witness credibility."), <u>cert. denied sub nom.</u> <u>Parsad v. Fischer</u>, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

**B.   Exhaustion and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); <u>see, e.g.,</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843-44 (1999); <u>accord, e.g.,</u> <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir.1994), <u>cert. denied</u>, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), <u>cert. denied</u>, 464 U.S. 1048 (1984). The ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, © assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of

fact that is well within the mainstream of constitutional litigation.  Daye 696 F.2d at 194.

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'"  Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted).  Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)."  Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom, or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice.  See Harris, 489 U.S. at 262 (citations omitted);  accord, Schlup v. Delo, 513 U.S. 298, 324-27 (1995);  Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996), cert. denied, 520 U.S. 1108 (1997).

## IV.  Petitioner's Claims

### 1.    Grounds One, Three, and Four are Unexhausted but Deemed Exhausted and Procedurally Defaulted

In grounds one, three, and four of the petition, Petitioner asserts, for the first time, the following claims related to the allegedly improper conduct of the prosecutor:   the prosecutor

failed to disclose Brady material;  the prosecutor committed misconduct by using "false evidence" to secure the plea;  and the prosecutor committed misconduct by allowing Petitioner to plead guilty to the July 30, 2000 burglary knowing that Petitioner could not have committed it.  Pet. ¶ 22A, C, D.  As discussed below, these claims are unexhausted, but deemed exhausted and procedurally barred from habeas review by this Court.

"Before a state prisoner may obtain a writ of habeas corpus from a federal court, the prisoner must exhaust his remedies in state court."  Jimenez v. Walker, 458 F.3d 130, 148 (2d Cir. 2006) (citing 28 U.S.C. § 2254(b)(1)).  This rule "bars the federal court from granting relief under § 2254 from a state court conviction until the petitioner has utilized every opportunity offered to him in state procedure to obtain the same relief from the state courts."  DiSimone v. Phillips, 518 F.3d 124, 127 (2d Cir. 2008). Here, Petitioner failed to properly raise these record-based claims in state court, thereby rendering them unexhausted for purposes of federal habeas review.[4]  Because Petitioner no longer has state court remedies available to him within the meaning of 28 U.S.C. § 2254(b), the Court deems the claims exhausted but procedurally defaulted.  See, e.g., Jimenez, 458 F.3d at 149 ("[Petitioner's]

---

[4]     The Court notes that Petitioner did raise some permutation(s) of these claims in his three collateral motions; however, as the Respondent correctly points out, the claims, as they are raised in the instant habeas petition, are framed and argued differently (i.e., as a Brady violation and prosecutorial misconduct) than they were in the collateral motions.  See Resp't Mem. of Law at 3-4.

claim is now exhausted because state remedies are no longer available. [Petitioner] has already taken his one direct appeal, and this [record-based] claim is procedurally barred from consideration in a collateral attack on his conviction . . . . [Therefore, petitioner] has procedurally defaulted his . . . claim.") (internal citations omitted).

This Court may reach the merits of Petitioner's claim, despite the procedural default, if he can demonstrate cause for the default and prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice. See Harris, 489 U.S. at 262. Liberally construing the habeas corpus petition, Petitioner alleges ineffective assistance of appellate counsel as cause for the default.[5]  Indeed, a claim of ineffective assistance of counsel may establish cause for a procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); McCleskey v. Zant, 499 U.S. 467, 494 (1991); United States v. Frady, 456 U.S. 152, 168 (1982). However, in order to claim ineffective assistance of counsel as cause for the default, Petitioner must have exhausted his ineffective assistance of counsel claim in state court. See e.g., Zelaya v. Mantello, 2003 U.S. Dist. LEXIS 15822, 00 Civ. 0865, at *15-16 (S.D.N.Y. Sept. 10, 2003) (finding Petitioner must have first exhausted his ineffective assistance of counsel claim in

---

[5]     In ground two of the petition, Petitioner raises ineffective assistance of appellate counsel as a stand-alone claim on the basis that appellate counsel improperly "urged" and "coerced" him into discontinuing his appeal. See Pet. ¶ 22B.

state court in order to claim ineffective assistance of counsel as cause for procedural default) (citing Edwards, 529 U.S. at 451-452)).  Petitioner failed to do so (see Section "IV, 2" below), and therefore cannot claim ineffective assistance of counsel as cause for the procedural default.[6]  Moreover, Petitioner has not demonstrated that this Court's failure to review his claims will result in a miscarriage of justice.  These claims, therefore, are dismissed as procedurally defaulted.

In any event, even if Petitioner was able to overcome the procedural default, this Court would still be barred from reviewing his claims because they were waived by his guilty plea.  Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights);  accord, United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea.");  see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a

---

[6]      In any event, even if Petitioner's ineffective assistance of appellate counsel claim was properly exhausted, it still would not serve as cause for the procedural default because the stand-alone ineffective assistance of appellate counsel claim is meritless (see Section "IV, 2" below).  See e.g., Edwards, 529 U.S. at 451 ("Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution.") (citation omitted).

defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). Here, Petitioner's challenges to the allegedly improper conduct of the prosecutor are barred by Petitioner's knowing and voluntary guilty plea. Thus, even if Petitioner's claims were not procedurally defaulted, they would still be barred from review by this Court.

### 2.   Ground Two is Unexhausted But Meritless

In ground two of the petition, Petitioner contends that he received ineffective assistance of appellate counsel because appellate counsel "urged and sort of . . . coerced [him] to discontinue his appeal that was already in the Appella[te] Division." Pet. ¶ 22B. Although this claim is raised for the first time in the instant habeas corpus petition and is therefore unexhausted for federal habeas purposes, it may be denied on the merits.[7] See 28 U.S.C. § 2254(b)(2).

---

[7]      The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims. See, e.g., Love v. Kuhlman, 2001 U.S. Dist. LEXIS 22572, 99 Civ. 11063 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, 2002 U.S. Dist. LEXIS 11150, 97 Civ. 2508 (E.D.N.Y. June 24, 2002); Toland v. Walsh 2008 U.S. Dist. LEXIS 24616, 02 Civ. 0399 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002). A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, 2000 U.S. Dist. LEXIS 10228, 00 Civ. 2306 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard). Under either of these

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's representation was unreasonable under "prevailing professional norms," and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different."   Strickland v. Washington, 466 U.S. 668, 688 (1984).   This standard applies equally to trial and appellate counsel.   See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), cert. denied, 513 U.S. 820 (1994).

Petitioner argues that his assigned appellate counsel Barbara J. Davies improperly "urged" and "coerced" him into discontinuing his appeal.   To support his claim, he points to a letter[8] from attorney Davies in which she advises Petitioner that pursuing his appeal may not be in his best interest.   Pertinent portions of that letter read as follows:

> You state in your correspondence that you recognize your guilt as to the Greenfield Avenue event, but you deny having robbed the Delaware Avenue property, on either of the two occasions alleged against you.   You may be correct in that.   But you need to consider carefully the possible results if you press that claim and if you succeed in having the plea convictions vacated.   If that were to happen, you can just about be assured that the District Attorney will submit the matter to a grand jury and that an indictment will be

standards, Petitioner's claim is meritless.

[8]   This letter was not included in the state court records provided to this Court by the Respondent.   Rather, Petitioner attaches page 2 (only) of the letter, as Exhibit "J", to the original habeas corpus petition.

> issued against you for the Greenfield Avenue
> incident.  Your convictions there should be
> fairly easy for the People, since they have
> DNA evidence connecting you with that crime.
> You cut yourself in the course of breaking the
> window to get into the home.  Once they get a
> conviction against you for that crime, you
> will be declared a persistent felony offender
> and you will be sentenced to up to a full life
> sentence . . . and you will then either be in
> prison or out on parole for the rest of your
> life.
>
> This is not a result that you want.  You would
> be in a much worse position than if you served
> out your present sentence as is.  We urge you
> to reconsider and to authorize us to terminate
> the appeal at this time.  If you still want to
> go forward with the appeal despite our advice,
> please let me know and we will consider what
> next steps we should take.

Pet. at Ex. J.

Attorney Davies also indicated in this letter that should "[Petitioner] decide to withdraw [his] present appeal," he should sign and return to her the enclosed stipulation of discontinuance. Pet. at Ex. J.  The record reflects that Petitioner subsequently signed that form, and the appeal was dismissed shortly thereafter. See Resp't Ex. B.

Given the facts and circumstances of this case, the Court cannot find that appellate counsel provided constitutionally ineffective assistance of counsel.  As attorney Davies carefully outlined in her letter to Petitioner, there were legitimate, tactical reasons for advising Petitioner to discontinue his appeal. Presumably, Petitioner signed the enclosed stipulation of

discontinuance because he agreed with the representations that
attorney Davies had made with respect to his appeal.  There is
simply no evidence before this Court that suggests to the contrary
(i.e., that he was improperly "urged" or "coerced").  Accordingly,
Petitioner cannot show that attorney Davies acted unreasonably in
urging Petitioner to reconsider his position, and that, but for,
her alleged deficient performance, there is a reasonable
probability that the outcome of the proceeding would have been
different.  This claim therefore provides no basis for habeas
relief and is dismissed.

## V.  Conclusion

For the reasons stated above, the petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the
petition is dismissed.  Because Petitioner has failed to make "a
substantial showing of a denial of a constitutional right," 28
U.S.C. § 2253(c)(2), the Court declines to issue a certificate of
appealability.  See, e.g., Lucidore v. New York State Div. of
Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also
hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any
appeal from this judgment would not be taken in good faith and
therefore denies leave to appeal as a poor person.  Coppedge v.
United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's
Office, United States District Court, Western District of New York,

within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:      March 15, 2011
            Rochester, New York